The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| FERNANDO FRIAS, | NO. 2:20-cv-00805-JCC |
|---|---|
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** |
| vs. | |
| PATENAUDE & FELIX, A.P.C., | NOTE ON MOTION CALENDAR: |
| Defendant. | July 31, 2020 |

## I. <u>INTRODUCTION</u>

Defendant Patenaude & Felix, A.P.C. ("P&F") (a debt-collection law firm) issued not one, but two unlawful garnishments against Plaintiff Fernando Frias, the second of which occurred after Mr. Frias' lawyer informed P&F that they were pursuing the wrong person. P&F's collection efforts were unmistakably directed at Mr. Frias, as letters were mailed to *his* home address, and garnishments were levied at *his* place of employment and at the bank where he kept *his* savings.

Indeed, the Fair Debt Collection Practices Act ("FDCPA") was designed specifically "to eliminate the recurring problem of debt collectors dunning the wrong person."[1] This protection applies to Mr. Frias, who was subjected to P&F's collection efforts despite not owing anyone any

---

[1] *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (citation and quotations omitted).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 1
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

money. Plaintiff's allegations are straightforward – P&F repeatedly attempted to collect money not owed, violating state and federal debt-collection statutes – and properly state claims for relief.

In its 24-page motion to dismiss, P&F argues that its conduct (in seeking to collect a debt from someone that did not owe anything) was entirely justified and lawful. P&F begins by blaming Mr. Frias for not "knowing" that he was the "wrong person," an argument which is as offensive as it is irrelevant, as the FDCPA covers this exact scenario.

In what can only be understood as a "Schroedinger's Debtor" argument, P&F raises the mutually-exclusive arguments that (1) Mr. Frias *was not the debtor*, but also (2) Mr. Frias *was the debtor* for purposes of garnishment paperwork, and that both somehow simultaneously converge to absolve P&F from all responsibility whatsoever. Again, the FDCPA is a strict-liability statute that covers debt collection attempts from any person, regardless of whether they do or do not owe money, which specifically includes Mr. Frias. The same is true for Mr. Frias' Washington Collection Agency Act ("WCAA") claims. The remainder of P&F's arguments merely recycle other demonstrably-incorrect legal theories which should be rejected accordingly.

Taking the factual allegations as true for purposes of a Rule 12(b)(6) motion, Plaintiff Fernando Frias has properly stated claims for relief and Defendant P&F's motion to dismiss should be denied.

## II. FACTS

Under the Fed. R. Civ. P. 12(b)(6) standard, the allegations in Plaintiff's Complaint are taken as true for purposes of Defendant's motion. A short summary follows.

In August 2019, Plaintiff Fernando Frias was surprised to learn that a wage garnishment had been issued against him by a debt-collection law firm, Defendant P&F over a debt which he did not owe. Complaint at ¶ 8 (dkt. #1-1). This was accompanied by a debt-collection letter which

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 2
2:20-CV-00805-JCC

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

demanded $5,786.47 and incorrectly asserted that P&F had previously contacted Mr. Frias, but that he failed to respond. *Id*. at ¶ 9. Mr. Frias retained counsel, who sent P&F a letter which indicated that P&F appeared to have the wrong person, and insisting that future communications be directed to Mr. Frias' counsel. *Id*. at ¶¶ 12-14. The letter was sent not only by U.S. Mail, but by fax and email as well. *Id*. P&F did not respond. *Id*. at ¶ 15.

As best as Mr. Frias and his prior counsel could surmise, P&F had wrongfully attempted to collect money from Mr. Frias based on a judgment P&F had obtained (on behalf of its client, Discover Bank) against someone with a similar name, but with a different address and social security number. *See generally* Complaint. Mr. Frias was especially worried because he had an account with Discover Bank, which he (correctly) thought was in good standing. *Id*. at ¶ 12. He assumed that the letter from his attorney would resolve the matter, since Mr. Frias simply did not owe anyone any money. *Id*. at ¶ 16.

Nevertheless, on March 13, 2020 – right as the COVID pandemic was beginning – P&F sent Mr. Frias another debt-collection letter, which included a bank account garnishment at Chase Bank (where Mr. Frias did his banking). Complaint at ¶¶ 17-20. P&F seemed to have completely ignored the letter from Mr. Frias' attorney, and sent the letter to Mr. Frias directly – at the same address which P&F was specifically informed was not the address of a person who owed them money. *Id*. at ¶ 18. Mr. Frias was extremely fortunate that his employer and his bank were savvy enough to realize that he was not the person named in the collection judgment, and he luckily escaped without having any money forcibly taken from him. *Id*. at ¶ 22. Mr. Frias still incurred expenses and incurred other harms associated with P&F's actions. *Id*. at ¶ 23, *see generally* Complaint.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 3
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

At this point, having been targeted repeatedly with post-judgment collection efforts on a debt which Mr. Frias plainly did not owe, he brought this lawsuit in King County Superior Court, which P&F removed to this Court.

### III. LAW AND ARGUMENT

#### A. Fed. R. Civ. P. 12(b)(6) Motions to Dismiss

Historically, Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim are "viewed with disfavor" and are "rarely granted." *Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974). On this backdrop, the *Iqbal*/*Twombly* decisions provide additional clarification but do not impose any heightened pleading standards. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Iqbal*, 556 U.S. at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity"). After accepting as true a plaintiff's allegations and drawing all reasonable inferences in its favor, a court must then determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *see also Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008) (court must also draw all reasonable inferences in favor of the plaintiff).

##### 1. *Plausible Complaints Survive Rule 12(b)(6) Motions to Dismiss*

The Ninth Circuit has explained the "plausibility" requirement as follows:

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 4
2:20-CV-00805-JCC

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6) … The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (citing *Iqbal*, 129 S. Ct. at 1951). Stated more succinctly, "*Iqbal* demands more of plaintiffs than bare notice pleading, *but it does not require us to flyspeck complaints looking for any gap in the facts*." *Lacey v. Maricopa County (Arpaio)*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citations omitted) (emphasis added).

### 2. *Notice Pleading Standards Apply*

The Ninth Circuit has held that *Iqbal*, *Twombly*, and their progeny did little to alter federal pleading standards beyond notice pleading, as insufficient complaints would be dismissed under either the current or former standards. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 963 (2009), *rev'd on other grounds by Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011) ("Even before the Supreme Court's decision[s] in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, it was likely that conclusory allegations of motive, without more, would not have been enough to survive a motion to dismiss").

It remains the case that a complaint requires a "short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 127 S. Ct. at 1964). A plaintiff's allegations need "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 556 U.S. at 570. "[W]e do not require heightened fact pleading of specifics..." *Id*.

//

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 5
2:20-CV-00805-JCC

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

## B. Counts 1 and 2 State a Claim For Violations of 15 U.S.C. §§ 1692e and 1692f

P&F first argues that Mr. Frias' claims fail because "Frias knew he did not owe the debt" and the garnishment contained a different social security number. Mot. at pp. 4-7. This flawed assertion is problematic for many reasons. First, Plaintiff clearly did not "know" that he didn't owe money, which is why he hired a lawyer to write a letter on his behalf. Dkt. #1-1 at ¶ 13-20. A Rule 12(b)(6) motion is not the vehicle to argue subjective beliefs in any event. Second, FDCPA claims are evaluated on an objective "least sophisticated consumer" standard, so Mr. Frias' subjective beliefs are not relevant to his causes of action. Third, P&F mischaracterizes the law, as attempting to collect from the wrong person violates the FDCPA and does not immunize anyone.

### *1. Defendant's actions violate §§ 1692e and 1692f*

Fernando Frias received a letter, addressed to him, at his home address, informing him that a wage garnishment had been issued against him at his place of employment. Dkt. #1-1 at Ex. A (page 12). Although buried within a single page of the garnishment contained the incorrect last four digits of his social security number, Mr. Frias unequivocally believed that the communication and garnishment were directed at him personally (since they had, after all, been sent to his employer and not someone else's employer). It would have been foolish for Mr. Frias not to do something to straighten the situation out, so he hired counsel. Viewed from the "least sophisticated consumer" standard, as is required for FDCPA claims, such a person would plainly believe they are the target of debt collection efforts. This belief would only intensify after communicating to P&F that it had the wrong person and wrong address, and P&F responding by issuing a bank garnishment *against that same person at that same address*. Dkt. #1-1 at ¶ 13-20.

15 U.S.C. § 1692e is a blanket prohibition on false, deceptive, or misleading representations or means, and includes non-exclusive enumerated exemplar conduct. Section

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 6
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). A debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012). Section 1692e(5) prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1064 (9th Cir. 2011).

A debt collector's single action or procedure can give rise to multiple violations of the FDCPA. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) ("In many cases several different sections or subsections of the FDCPA may apply to a given factual situation.") (citations and quotations omitted).

Here, P&F's actions also violate 15 U.S.C. § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. *See Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249, at *4 (W.D. Wash. Nov. 28, 2018)). The collection of any amount, unless such amount is expressly authorized by the agreement creating the debt or permitted by law, is unfair and/or unconscionable. 15 U.S.C. § 1692f(1).

P&F's behavior here checks a litany of boxes for unfair and deceptive conduct by use of false and misleading representations. Thus, Plaintiff has stated a claim and Defendant's motion should be denied.

### 2. *The "least sophisticated consumer" standard applies to FDCPA claims*

In determining whether a § 1692e (false or misleading representations) or § 1692f (unfair practices) violation has occurred, courts apply the "least sophisticated consumer" standard. *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). "The least sophisticated debtor

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 7
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation and internal quotation marks omitted).[2] The inquiry is therefore objective; it is not relevant whether a particular person was actually misled.

### 3. *Pursuing the "wrong person" violates the FDCPA and is not an exemption*

"Congress enacted the FDCPA to eliminate the recurring problem of debt collectors dunning the wrong person..." *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997) (citation and quotations omitted). P&F, however, argues that pursuing the wrong person is completely fine, and cites several district court decisions that purportedly support its position. Mot. at pp. 4-7. This runs directly contrary to the purposes of the FDCPA, as otherwise debt collectors would have free reign to badger innocent individuals into paying debts not owed.

As Judge Martinez recently observed, "[a]n individual is still entitled to the protections of the FDCPA, if a collection agency is asserting that he owes a debt, even if he does not actually owe that debt." *Bereket v. Portfolio Recovery Associates, LLC*, 2017 WL 4409480, at *4 (W.D. Wash. Oct. 4, 2017). Judge Martinez was persuaded by the reasoning of an Eastern District of Washington case, where the "fact that the debt actually belonged to someone else does not strip Plaintiff of a cause of action under the FDCPA." *Id*. (citing *Gonzalez v. Law Firm of Sam Chandra, APC*, 2013 WL 4758944 (E.D. Wash. Sept. 4, 2013) (Rice, J.)).[3] As explained by another court:

---

[2] *See also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (The "least sophisticated consumer" standard is to apply the perspective "of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.")

[3] To the extent other decisions further underscore the consensus that the FDCPA applies to attempts to collect debts not owed, *see Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 755674, at *3 (S.D. Cal. Feb. 27, 2013) ("alleging a nonexistent debt clearly violates this section") (citing *Cox v. Hilco Receivable, L.L.C.*, 726 F.Supp.2d 659, 666 (N.D.Tex. 2010) ("a debt collector's representation that a debt is owed to it when it in fact is not, amounts to a misrepresentation barred by the FDCPA.")). *See also Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246 (S.D.N.Y. 2011) (collecting from the wrong person violates the FDCPA).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 8
2:20-CV-00805-JCC

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

"By its plain text, the FDCPA encompasses claims brought by individuals subjected to collection efforts for obligations they are falsely alleged to have owed…It is difficult to conceive of a more *unfair* debt collection practice than dunning the wrong person." *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919, 925 (E.D. Cal. 2014) (emphasis in original).

In *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1002 (8th Cir. 2011), the Eighth Circuit considered whether individuals who mistakenly received debt collection letters qualify as consumers under the FDCPA and concluded that they do. *See also Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018) (following Dunham and holding that the FDCPA applies to debts not owed). Plaintiff would note that, as a remedial statute, the FDCPA is to be interpreted liberally. *Clark*, 460 F.3d at 1176.

P&F's citations to a nationwide collection of district court decisions (for the proposition that P&F's conduct is not actionable) are unavailing, in part because they lack precedential authority, but largely because they do not stand for the propositions claimed or are otherwise contrary to Ninth Circuit precedent. Mot. at pp. 4-7. In the interest of brevity, Plaintiff will not undertake a detailed analysis of such cases, but will make a few observations.

As an initial matter, none of P&F's citations address repeated collection efforts after being informed by a person's attorney that the name and address belong to an innocent person. Anyone in Mr. Frias' shoes would be frightened by the multiple collection efforts, directed to their employer and their bank, both of which were mailed to their home address. Perhaps P&F would have a more persuasive argument if it had terminated all contact with Mr. Frias after receiving his attorney's letter (even though such conduct still constitutes a violation, as the FDCPA is a strict-liability statute), but P&F instead doubled-down by pursuing a bank garnishment against Mr. Frias.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 9
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

P&F cites *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 826 (S.D. Ohio 2008), where, on a poorly-pleaded complaint, a debt collector was not liable for (on only one occasion) mailing a different person's lawsuit (with a different name) to a third party. That is not the case here. P&F cites *Kujawa v. Palisades Collection, L.L.C.*, 614 F. Supp. 2d 788, 792 (E.D. Mich. 2008), which cited no precedent and applied a subjective standard of what the plaintiff "knew," which is not the standard used in the Ninth Circuit. P&F's citation to *Martin v. Kansas Counselors, Inc.*, 2014 WL 1910056, at *7 (D. Kan. May 13, 2014) is similarly misplaced, as the court applied a "reasonable belief" standard on the subjective intentions of the debt collector, which is not the law and not at issue here. P&F's remaining citations are equally inapplicable.

In conclusion, the FDCPA applies to efforts to collect a debt from a person that does not owe a debt. Whether P&F's actions were intentional or otherwise, and whether it had procedures to avoid these actions, are matters for its alleged "bona fide error" defense, which is not at issue in this Motion.

### C. **Counts 3 and 4 State a Claim For Contacting a Represented Party**

On the heels of claiming that Mr. Frias cannot sue because he was not the person who owed a debt, P&F argues that Mr. Frias is a "judgment debtor" and thus is subject to statutes which permit contact with "debtors" under certain circumstances. Either Mr. Frias is a "debtor" – someone alleged to owe money – or he is not, but P&F may not have it both ways.

Counts 3 and 4 assert that P&F violated 15 U.S.C. § 1692c(2)(a)(2) and RCW 19.16.250(12) by contacting Mr. Frias in March 2020, despite being informed of his representation by counsel in August 2019. Dkt. #1-1 at pp. 7-8, Ex. B. P&F argues that the garnishment statute, which requires writs to be sent to "to the last known post office address **of the judgment debtor**," somehow permits P&F's unlawful contact with Mr. Frias. RCW 6.27.130(1) (emphasis added).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 10
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

Mot. at pp. 7-8. P&F's argument is so layered in contradiction and incorrect assertions that it is difficult to respond succinctly.[4]

Assuming that sending a writ of garnishment directly to a represented party is otherwise permitted, P&F overlooks that (1) it did not send the writs to the "last known post office address of the judgment debtor," as Mr. Frias was not the judgment debtor, and (2) in addition to the writs, it sent a collection letter (which is not part of the statute). Dkt. #1-1 at Exs. A, C. P&F sent a debt collection letter to Mr. Frias directly to his home address after being notified of his representation by counsel. This violates the FDCPA and WCAA, and the violations are compounded upon realizing that Mr. Frias is not, apparently, the "judgment debtor" and P&F has no statutory provision allowing it to mail garnishments to individuals who do not owe money to P&F's client.

Plaintiff struggles to understand how P&F can claim that Mr. Frias is both "not a debtor" and a "debtor" in the same brief, asserting whichever is most favorable to its litany of contradictory arguments. The fact remains that Mr. Frias retained counsel to prevent further interactions with P&F, and P&F ignored the law and contacted Mr. Frias directly (by letter and by writ). This states a claim for violation of 15 U.S.C. § 1692c(2)(a)(2) and RCW 19.16.250(12).

**D. <u>Count 5 States a Claim</u>**

Count 5 alleges that P&F violated RCW 19.16.250(21) by seeking to collect amounts in excess of principal and allowable interest or fees. Dkt. #1-1 at 8. Plaintiff alleged that P&F sought to collect money from him on numerous occasions, and since he owed no money at all, P&F was therefore seeking to collect amounts in excess of principal (which was $0.00). P&F's other arguments (referenced on page 9 of its Motion), are addressed elsewhere in this brief.

---

[4] Further muddying the waters, P&F repeatedly incorrectly cites the applicable portion of the statute; the allegation is that P&F contacted a debtor who was represented by counsel, which involves only § 1692c(a)(2). The "express permission" clause is found in § 1692c(a).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 11
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

### E. Count 6 States a Claim For Threatening to Take an Action Which Cannot Be Taken

Count 6 alleges violations of 15 U.S.C. § 1692e(5) and RCW 19.16.250(16), both of which generally prohibit threats of actions which cannot legally be taken (or, for the FDCPA, which is not intended to be taken). Dkt. #1-1 at 8.

P&F again finds itself in a conundrum, arguing that "actually taking an action" is not a "threat to take action." Mot. at 10. Earlier in its brief, P&F expended considerable effort claiming that it never sought to collect from Mr. Frias, but now claims that its actions were not threats, but were *actually taken*. Again, P&F cannot have it both ways.

There can be no other way to construe P&F's actions than unlawful threats. P&F repeatedly pats itself on the back for not having "actually taken" Mr. Frias' money – thanks to the timely intervention of his employer and bank – which by definition makes its letters unlawful threats to take Mr. Frias' money. The sum total of P&F's behavior was, to Mr. Frias and the least sophisticated consumer alike, a series of unlawful threats. P&F may ascribe its behavior to other motives, but the objective assessment of its conduct is what matters here. *See Clark*, 460 F.3d at 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors"). While some of the threats are implied (such as "we can lawfully proceed through the garnishment process that we have initiated"), none are lawful, as Mr. Frias did not owe any money. Plaintiff has therefore stated a claim for the foregoing violations of law.

### F. Plaintiff Has Stated a Claim for Violation of the Consumer Protection Act, by way of *per se* Violations of the Washington Collection Agency Act

P&F appears unwilling to understand that Plaintiff's Complaint clearly and expressly alleges that P&F's conduct constitutes a *per se* violation of the Consumer Protection Act. P&F's

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 12
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

arguments related to certain elements of the CPA are invalidated by the fact that Plaintiff has only pleaded *per se* violations, by virtue of P&F's violation of the Washington Collection Agency Act.

### 1. *The "judicial action privilege" does not apply to statutory claims*

P&F resuscitates its same failed argument on litigation privilege that it has made repeatedly to this Court, this time by recharacterizing it as "judicial action privilege."[5] P&F's litigation privilege argument was rejected by this Court in *Hoffman v. Transworld Sys. Inc.*, 2018 WL 5734641, at *10 (W.D. Wash. Nov. 2, 2018), and this ruling was affirmed by the Ninth Circuit in *Hoffman v. Transworld Sys., Inc.*, 806 Fed. Appx. 549, 551 (9th Cir. 2020). Judges Fricke and Robart have also ruled against P&F on this issue. *See Mitchell v. Patenaude & Felix APC*, 2019 WL 4043974, at *8 (W.D. Wash. July 15, 2019), *report and recommendation adopted*, 2019 WL 4034958 (W.D. Wash. Aug. 27, 2019). P&F's arguments ignore the distinction between statutory claims (i.e. "per se" claims) and ordinary CPA claims. P&F is a licensed collection agency and is bound by the statutes governing collection agencies.

To begin, there are two "varieties" of CPA claims – for a "typical" CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) which affects the public interest, (4) an injury to the plaintiff's business or property, (5) that the injury was caused by the unfair or deceptive practice. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986). A "per se" CPA claim automatically satisfies the first and second elements, and sometimes the third as well. *Id.*; *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009). A violation of the WCAA is a per se violation of the CPA.

---

[5] Although it appears that "judicial action privilege" is simply an alternate name for "litigation privilege," any such distinction is purely academic, as the two are functionally identical doctrines (neither of which applies here).

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 13
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

RCW 19.16.440. A violation of the WCAA means that the "trade or commerce" element is met (among others).

P&F's "argument" arises from *Jeckle v. Crotty*, 120 Wn. App. 374, 383 (2004). Mot. at pp. 11-14. However, ***Jeckle* only applied the judicial action privilege to the plaintiff's defamation claim**. *Id*. at 386. In its discussion on CPA claims, *Jeckle* relied on Washington Supreme Court precedent in *Short v. Demopolis*, 103 Wn.2d 52 (1984), which distinguishes actions of lawyers by whether those actions impact "trade or commerce." *Demopolis*, 103 Wn.2d at 60. *Jeckle* concluded that actions which concern both the legal <u>and</u> business aspects of law do not permit a CPA action – meaning that (under *Demopolis*) the lawyers' actions did not impact "trade or commerce," which is thus fatal to an ordinary CPA claim. 120 Wn. App. at 384-85. The underlying issue is always whether the five CPA elements can be met.

Thus, "ordinary" CPA claims against lawyers could fail to meet the five elements due to the "trade or commerce" factor. This analysis is irrelevant when a debt-collection law firm violates a statute which constitutes a "per se" CPA violation, as the "trade or commerce" element is met as a matter of law. P&F cites two cases from this court, filed by unrepresented litigants and which did not involve *per se* CPA violations, which do not apply here. Mot. at 12.

P&F's core argument – i.e., that collection law firms cannot be sued – only applies to tort claims, such as defamation. Whether termed "litigation privilege" or "judicial action privilege," the principle remains the same. Here, P&F is a licensed collection agency, and must comply with the WCAA. Dkt. #1-1 at ¶ 2. If P&F violates the WCAA, this constitutes a *per se* violation of the CPA. There are no exceptions to this. Plaintiff has properly alleged the elements of a *per se* CPA claim, via P&F's violations of the WCAA.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 14
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

### 2. *Plaintiff has stated a claim for violation of the Consumer Protection Act*

Plaintiff's Complaint could not be clearer in asserting CPA claims, as Plaintiff alleged that P&F violated the Washington Collection Agency Act, which constitutes a "per se" violation of the CPA. Dkt. #1-1 at ¶ 27-29. Plaintiff alleged that he suffered injury, which included out of pocket expenses in ascertaining his legal rights and responsibilities, which is a compensable injury under *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014). Dkt. #1-1 at ¶ 23.

P&F somehow ignores the face of the pleading and claims that Plaintiff cannot meet each of the five CPA elements. Mot. at pp. 14-18. Again, Plaintiff reminds P&F that a violation of the WCAA satisfies the first, second, and third *Hangman Ridge* elements. *See Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009). P&F made these exact same arguments before Judges Fricke and Robart and lost. *See Mitchell v. Patenaude & Felix APC*, 2019 WL 4043974, at *8 (W.D. Wash. July 15, 2019), *report and recommendation adopted*, 2019 WL 4034958 (W.D. Wash. Aug. 27, 2019).

As Plaintiff has stated a claim for a "per se" violation of the CPA by way of P&F's violations of the WCAA, Defendant's motion should be denied.

### G. Injunctive Relief is Available Under the Consumer Protection Act

#### 1. *Cause of action versus remedy*

In its form-over-function reading of the Complaint, Defendant is correct that injunctive relief would be more properly pleaded as a remedy as opposed to a standalone cause of action. Mot. at pp. 17-18. This makes little functional difference in this case, but to the extent any amendment is necessary, Plaintiff would be happy to revise the wording, even though the outcome remains the same.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 15
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

### 2. *Plaintiff has standing to request injunctive relief*

After removing this case from King County Superior Court, Defendant here argues a lack of Article III standing, citing Judge Martinez's decision in *Lackey v. Ray Klein, Inc.*, 2019 WL 3716454 (W.D. Wash. Aug. 7, 2019) – which found that the plaintiff did have standing – and the cases cited therein. Mot. at pp. 18-20. The test for Article III standing is whether a plaintiff faces "a real and immediate threat that he would again suffer the injury to have standing for prospective equitable relief." *Id*. at *4.

Here, Mr. Frias has every reason to be concerned that P&F will contact him again. While P&F's arguments might have held weight if it had only sent one letter and then agreed to desist (which, again, would still have violated the strict-liability statutes at issue), Mr. Frias' attorney sent a letter to P&F (by three transmission methods – mail, fax, email) explaining that Mr. Frias was not to be contacted and identifying his home address. Dkt. #1-1 at Ex. B. Although this should have been enough to deter future contact, P&F nevertheless sent Mr. Frias a letter (and bank garnishment) to his home address. *Id*. at Ex. C. In that letter, P&F stated that it had notified Mr. Frias and asked him to "contact our office," which indeed he had – through counsel, no less.

P&F's professed subjective belief that these incidents will not happen again is (1) not part of the Complaint, which is the pleading at issue, and (2) a convenient assertion now that P&F is facing this lawsuit. For purposes of standing, Mr. Frias justifiably faces the possibility that he would again be contacted by P&F over a debt he does not owe.

### 3. *Plaintiff's request for injunctive relief is sufficient*

P&F lastly argues that Plaintiff's injunctive relief "makes no sense," among other arguments. Mot. at pp. 20-21. At the pleading stage, all that is required is that Plaintiff plead his entitlement to relief (in this case, injunctive relief). After the parties conduct discovery and the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS - 16
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

case progresses, it may be the case that Plaintiff merely requests an injunction preventing P&F from contacting him personally. Even if Plaintiff were required to plead with extreme particularity the specific phrasing of the injunctive relief warranted by the evidence, this could easily be supplemented by amendment at a later time. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("Rule 15 does not require that a pleading give notice of the exact scope of relief sought"). At the pleading stage, it is sufficient that Plaintiff has identified the conduct at issue and generally described his request for an injunction, meaning that P&F be prohibited from taking these actions in the future, however that final wording may be phrased.

### H. Plaintiff Withdraws His Request For a Statutory Penalty Under RCW 19.86.140

Plaintiff originally brought this case in state court and sought clarification from a Washington appellate court on the issue of statutory damages under the CPA. As this case has been removed by P&F, Plaintiff withdraws his request for $2,000 statutory damages under RCW 19.86.140 to avoid needless argument.

### I. In The Alternative, Plaintiff Respectfully Requests Leave To Amend

Dismissal without leave to amend is proper only where it is clear that "the complaint could not be saved by any amendment." *In re Daou Sys., Inc.,* 411 F.3d 1006, 1013 (9th Cir. 2005). Defendant P&F garnished an innocent man – twice – for a debt which he did not owe. This conduct is actionable and amendment would not be futile. To the extent that Defendant's motion succeeds, Plaintiff respectfully requests leave to amend the Complaint.

//

//

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 17
2:20-CV-00805-JCC

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

## IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Rule 12(b)(6) motion to dismiss be denied.

Dated this 27th day of July, 2020.

**ANDERSON SANTIAGO, PLLC**

By: /s/ Jason D. Anderson
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorney for Plaintiff
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - 18
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

**Certificate of Service**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marc Rosenberg
Lee Smart, P.S.
1800 Convention Place
701 Pike Street
Seattle, WA 98101
*Attorneys for Defendant*

    /s/ Jason D. Anderson
Jason D. Anderson

CERTIFICATE OF SERVICE - 1
2:20-CV-00805-JCC

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719