Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

FERNANDO FRIAS,

    Plaintiff,

vs.

PATENAUDE & FELIX, A.P.C.,

    Defendant.

No. 2:20-cv-00805-JCC

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

MOTION NOTING DATE:
JULY 31, 2020

**Contents**

I. INTRODUCTION ........................................................................................................ 1
II. ARGUMENT AND AUTHORITY ............................................................................ 1
   A.  A least sophisticated consumer is expected to read everything with care, grasps the normal, everyday meaning of words, and is capable of making basic logical deductions and inferences. ............................................................................................................ 1
   B.  Counts 1-2, which alleges violations of §§ 1692e and 1692f, fail as a matter of law where it was clear that Patenaude was taking action against a person with a different social security number than Frias. ........................................................................... 1
   C.  Counts 3-4, which assert related claims under § 1692c(2)(a) and RCW 19.16.250(12) fail where RCW 6.27.130(1) provides an express exception to the general rule of not contacting a represented party. ......................................................................................... 4
   D.  Count 5 should be dismissed for reasons set forth in other sections. ............................ 5
   E.  Count 6 (and Count 1) fail because actually taking action is not a "threat to take action," as contemplated by § 1692e(5) and RCW 19.16.250(16). ........................................... 5
   F.  State law CPA claims against Patenaude are barred by judicial-action privilege and Washington public policy .............................................................................................. 7
   G.  Frias fails to meet the elements of the *Hangman Ridge* test. ........................................ 9
   H.  Plaintiff has withdrawn his request for a statutory penalty under RCW 19.86.140. ..... 11
   I.  The request for an injunction is properly dismissed. ..................................................... 11
   J.  Amendment is futile and should be denied. ................................................................. 12
III. CONCLUSION ........................................................................................................... 12

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - i
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## I. INTRODUCTION

Defendant Patenaude & Felix, APC ("Patenaude") has moved to dismiss the Complaint filed by Plaintiff Fernando Frias ("Frias"). (Dkt 10). The motion should be granted for the reasons provided in Patenaude's motion and additional authority provided herein.

## II. ARGUMENT AND AUTHORITY

**A.    A least sophisticated consumer is expected to read everything with care, grasps the normal, everyday meaning of words, and is capable of making basic logical deductions and inferences.**

The Ninth Circuit recently described the "least sophisticated consumer" as follows.

> The "least sophisticated debtor" is distinguished from the ordinary, reasonable person by being financially unsophisticated. Such a debtor is comparatively uninformed and naive about financial matters and functions as an average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.  Even so, the debtor has rudimentary knowledge about the financial world.  While financially unsophisticated, this debtor is not the least intelligent consumer in this nation of 300 million people.  Rather, ***the debtor grasps the normal, everyday meaning of words, and is capable of making basic logical deductions and inferences.  The least sophisticated debtor is not unreasonable, and has a basic level of understanding and willingness to read with care.***  In short, the least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters.

*Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019) (emphasis added, citations and internal quotation marks omitted).[1]

**B.    Counts 1-2, which alleges violations of §§ 1692e and 1692f, fail as a matter of law where it was clear that Patenaude was taking action against a person with a different social security number than Frias.**

Patenaude provided authority holding that the FDCPA is not violated where a collector with a judgment against a party accidently sends materials to a person with a different social security number than the debtor, and the recipient can see he is not the debtor. (Dkt 10 at 4-7).

---

[1] The least sophisticated consumer "is neither irrational nor a dolt." *Cole v. Stephen Einstein & Assocs., P.C.*, 365 F. Supp. 3d 319, 327 (W.D.N.Y. 2019).   "The least sophisticated consumer is not a 'dimwit.'" *Irvine v. I.C. Sys., Inc.*, 176 F. Supp. 3d 1054, 1061 (D. Colo. 2016).  "The least sophisticated consumer is naïve, not an idiot." *Sanford v. Portfolio Recovery Assocs., LLC*, 2013 WL 3798285, at *12 (E.D. Mich. July 22, 2013).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 1
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Frias attempts to distinguish these cases with perceived minor differences, but the cases are on-point for the fact pattern that exists in this specific case. Despite a line or two of general propositions, the cases cited by Plaintiff are factually distinct and do not provide guidance here.

In one line of cases offered by Frias the primary issue presented is whether a person that does not owe a debt can have standing based on the definition of "consumer." In some cases, unlike here, the defendant actually used the plaintiff's social security number. This line of cases follows *Dunham v. Portfolio Recovery Assocs., LLC,* 663 F.3d 997 (8th Cir. 2011). In *Dunham*, the court found standing where "Defendants 'alleged' that Plaintiff owed a debt when they mailed her 'dunning' letters and later garnished her wages using her Social Security number to identify her." *Id*. at 1002. Despite finding standing, the Court still affirmed dismissal because the defendant sufficiently verified the debt. This case is different from *Dunham* because, by using Dunham's social security number, the defendant was actually collecting against Dunham, and not someone else with the same name. Frias cites several other cases in this line of cases. *Bereket v. Portfolio Recovery Associates, LLC*, 2017 WL 4409480 at *3 (W.D. Wash. Oct. 4, 2017) ("Defendant argues that Plaintiff lacks standing because he fails to admit that he owes the debt at issue"); *Loja v. Main St. Acquisition Corp*., 906 F.3d 680, 684 (7th Cir. 2018) (following *Dunham*); *Gonzalez v. Law Firm of Sam Chandra, APC*, 2013 WL 4758944 at *1-3 (E.D. Wash. Sept. 4, 2013) (following *Dunham*, and noting, "[t]he order … references Social Security number XXX–XX–XXXX. That Social Security number belongs to Plaintiff"). A person like Dunham can have standing and still have no claim. None of Frias's cases fit the fact pattern here or address the central issue here, where garnishment was clearly against someone with an easily observable different social security number.

Similarly, in a second line of cases, the issue was whether or not there existed a "debt" as defined by the FDCPA. In *Davis v. Midland Funding*, LLC, 41 F. Supp. 3d 919 (E.D. Cal. 2014), the district court held that the claim of a plaintiff who did not owe a debt would not fail

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 2
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

simply because he could not identify whether the debt sought to be collected was a "debt" as defined by the FDCPA. *Id*. at 925. In *Davis*, there was a question as to whether or not the debt even existed, *id.*, but here the debt exists because judgment has been entered. (Dkt 1-1, Ex. 1) (p. 17 of 43). In *Heathman v. Portfolio Recovery Associates, LLC*, 2013 WL 755674 (S.D. Cal. Feb. 27, 2013), the issue was again whether or not a debt existed as defined by the FDCPA. *Id*. at *4.[2] *Davis* and *Heathman* are similar to *Dunham* because the issue revolves around a definition to determine whether a plaintiff has standing. That is not the issue here, and the *Davis* and *Heathman* courts never reach the on-point issue presented by Patenaude's authority.

The remaining cases cited by Frias likewise do not touch on the central issues presented here. *See Terran v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997) (after a bench trial, the Ninth Circuit reversed the district court's ruling under § 1692, and held there was no overshadowing in a letter. There was no claim of the wrong person being dunned); *Cox v. Hilco Receivable, L.L.C.*, 726 F.Supp.2d 659, 666 (N.D. Tex. 2010) (the alleged creditor actually did not own the debt and had no right to collect it, whereas here the debt clearly exists because judgment has been entered. (Dkt 1-1, Ex. 1) (p. 17 of 43); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 248 (S.D.N.Y. 2011) (the debtor collector spoke with plaintiff Bodur and confirmed with him that he did not owe the debt, and promised to remove plaintiff Bodur from its file, but then continued to collect against him).

The cases offered by Frias stand for the general proposition that, under the right circumstances, a person is not barred from asserting claims, even though that person does not owe a debt being collected on. That point is not disputed here. But even if it is conceded that an individual that does not owe the debt may have standing (for example if the defendant

---

[2] In *Heathman*, the defendant conceded it sued the plaintiff for a debt that she never owed. 2013 WL 755674. at *4. However, Patenaude does not concede it sought garnishment against Frias, it sought garnishment against a person with the same name but who obviously had a different social security number.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 3
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

actually uses the defendant's social security number in a garnishment), a claim will not lie under the facts here, since even the least sophisticated consumer can understood that a collector is not attempting to collect a debt from him/her where money is sought from someone with a different social security number, since even the least sophisticated consumer is expected to read everything with care, "grasps the normal, everyday meaning of words, and is capable of making basic logical deductions and inferences." *Stimpson*, 944 F.3d at 1196.

Frias knew "his social security number does not end in 4970, nor did he ever have an account with Discover Bank ending in 6743." (Dkt 1-1 at ¶ 7). Since he did not have the same social security number, he was never in danger of having anything garnished. The cases cited by Patenaude are clearly more on point. *See also Blauer v. Zucker, Goldberg, & Ackerman, LLC*, 2011 WL 1113280, at *2–3 (D. Del. Mar. 24, 2011) (following *Kaniewski* and *Kujawa*, and dismissing claims where letter and foreclosure summons made reference to a spouses name and plaintiff could see that the materials were intended for someone else); *Newton v. Portfolio Recovery Assocs., LLC*, 2014 WL 340414, at *9-10 (S.D. Ohio Jan. 30, 2014) (following *Kaniewski* and *Hill*, despite some factual differences, and dismissing claims under §§ 1692e, 1692f, and 1692g); *Jones v. Experian Info. Sols.*, 2016 WL 3945094, at *5 (D. Mass. July 19, 2016) ( "Plaintiff knew that Revenue Assistance was not trying to collect a debt owed by him. For this reason his § 1692e claim must fail").

    **C.**    **Counts 3-4, which assert related claims under § 1692c(2)(a) and RCW 19.16.250(12) fail where RCW 6.27.130(1) provides an express exception to the general rule of not contacting a represented party.**

Frias does not contest that 15 U.S.C. § 1692c(a)(2) provides that a collector may directly contact a consumer when it has "express permission" to do so. Nor does Frias present authority controverting that RCW 6.27.130(1) provides such express permission. The only arguments made by Frias as to Counts 3-4 are: (1) that a letter from an attorney somehow

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 4
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

negates the duty under RCW 6.27.130(1) that requires garnishment material to be served directly on the garnishee; and (2) that Frias was not the judgment debtor so sending the garnishment papers to him could not have complied with the statute. Frias does not cite a single case to support his arguments, because there is none, and he does not distinguish any of Patenaude's authority.

Patenaude was required to comport with RCW 6.27.130(1) to the best of its ability, and it sent the garnishment to what it obviously understood to be the last known address of the judgment debtor. Patenaude provided cases reflecting the FDCPA's no-contact requirement does not preempt state rules requiring service on a party. (Dkt 10 at 8) (citing *Holcomb*, 900 F.3d at 994; *Resler*, 2003 WL 193498, at *4; *Coleman*, 2012 WL 2374822, at *2. Frias cites no case in which a defendant violated the FDCPA by complying with a state statute requiring service directly on a party. Claims under § 1692c(2)(a)(2) and RCW 19.16.250(12) should thus be dismissed where RCW 6.27.130(1) provides express authority, as contemplated by 15 U.S.C. § 1692c(a)(2), to directly serve Frias, despite a letter from an attorney.

**D.     Count 5 should be dismissed for reasons set forth in other sections.**

Count 5 alleges a claim under RCW 19.16.250(21). The claim fails both because (1) Patenaude did not attempt to collect money from Frias, it attempted to collect from a judgment debtor with the same name but with a different social security number, and (2) because the claim is barred by judicial-action privilege and because the CPA claim also fails on the merits under the *Hangman Ridge* test, as discussed below.

**E.     Count 6 (and Count 1) fail because actually taking action is not a "threat to take action," as contemplated by § 1692e(5) and RCW 19.16.250(16).**

Patenaude provided copious legal authority for the proposition that threats to take action differ from actually taking action for purposes of § 1692e(5) and RCW 19.16.250(16). *See* (Dkt 10 at 10-11) (citing *Hoffman*, 806 F. App'x at 552; *Eul*, 2017 WL 1178537, at *15;

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 5
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

*Vanhuss*, 127 F. Supp. 3d at 988; *Bravo*, 2014 WL 6980438, at *3; *Thompson*, 2014 WL 5420137, at *4. Frias again does not provide any legal authority to support his arguments, and does not distinguish any of Patenaude's authority. Frias argues that issuing a garnishment to collect a debt that is actually owed becomes a mere threat when the garnishment materials are sent to a wrong person with the same name. This is an absurd argument, unsupported by authority. The garnishment attempt against the valid judgment debtor is not a threat, but an actual attempt to obtain a garnishment from the judgment debtor identified by a specific social security number. The fact that the attempt failed does not convert the attempt to garnish the actual judgment debtor into a threat against Frias. It is unsurprising that there is very little on-point authority on this obscure issue, but there is some.

In *Wagner v. Chiari & Ilecki, LLP*, 2019 WL 1083025 (W.D.N.Y. Mar. 7, 2019), a debt collector "mistakenly sent a notice to and served a subpoena on Plaintiff William J. Wagner at his home when attempting to collect a debt incurred by William J. Wagner, Jr., (the Debtor)." *Id.* at *1. After determining that the plaintiff had standing to bring an FDCPA, even though he was not the actual debtor, *id.* at *3-4, the district court dismissed claims against the defendant, holding, in part,

> [T]here is no dispute that Defendant was legally authorized to collect the debt and intended to collect the debt. Instead, Plaintiff alleges that it was attempting to collect the debt from the wrong person. Consequently, Defendant is entitled to summary judgment on Plaintiff's claim under § 1692e(5), its motion is GRANTED as to that subsection, and Plaintiff's motion is DENIED.

*Wagner*, 2019 WL 1083025, at *4.

Likewise, in *Thompson*, 2014 WL 5420137, *supra*, the district court dismissed the § 1692e(5) claim in a case of mistaken identity. *See also Gonzalez v. Erskine*, 2008 WL 6822207, at *1-3 (S.D. Fla. Aug. 7, 2008) (dismissing § 1692e(5) claim where plaintiff claimed that filing against the wrong person was a threat to take action that could not legally be taken). The § 1692e(5) claim should be dismissed as a matter of law.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 6
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**F.  State law CPA claims against Patenaude are barred by judicial-action privilege and Washington public policy**

Patenaude has provided significant authority reflecting that it is protected by the judicial-action privilege in regard to the claims against it. (Dkt 10 at 11-14) (citing *Jeckle v. Crotty,* 120 Wn. App. 374, 385, 85 P.3d 931, 937 (2004); *Block v. Snohomish Cty.*, No. C18-1048-RAJ, 2019 WL 954809, at *5 (W.D. Wash. Feb. 27, 2019), *appeal dismissed*, No. 19-35329, 2019 WL 3297382 (9th Cir. July 9, 2019); *McClain v. 1st Sec. Bank of Washington*, C15-1945 JCC, 2016 WL 8504775, at *5 (W.D. Wash. Apr. 21, 2016). None of this authority has been refuted or legitimately distinguished by Frias.

Frias does not dispute Patenaude's authority that garnishment proceedings are "judicial actions." (Dkt 10 at 13) (citing Citing *In re Mims*, 209 B.R. 746, 748 (Bankr. M.D. Fla. 1997); *In re Giles*, 271 B.R. 903, 905 (Bankr. M.D. Fla. 2002); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1101 (D. Or. 2000); *Parker v. Wetsch & Abbott, PLC.*, 2006 WL 4846042, at *3 (S.D. Iowa July 11, 2006); *Davis v. Nebraska Furniture Mart, Inc.*, 2013 WL 3854462, at *5 (D. Kan. July 24, 2013), *aff'd*, 567 F. App'x 640 (10th Cir. 2014).

Frias falsely argues that *Jeckle* only applied the judicial-action privilege to the plaintiff's defamation claim. (Dkt 11 at 14). "Jeckle's remaining causes of action were for interference with his business relationship with his patients, outrage, infliction of emotional distress, and civil conspiracy." *Jeckle*, 120 Wn. App. at 386, 85 P.3d at 937. The Court of Appeals, applying judicial-action privilege, affirmed dismissal of Jeckle's remaining claims under CR 12(b)(6). 120 Wn. App. at 386, 85 P.3d at 938.

Frias argues that Patenaude has previously made "litigation privilege" arguments (as opposed to "judicial-action privilege" arguments) in two prior cases unrelated to this case. Frias further argues that the "judicial-action privilege" argument fails here merely because the

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 7
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

"litigation privilege" argument did not succeed in these unrelated cases.³ Plaintiff argues: "Whether termed 'litigation privilege' or 'judicial action privilege,' the principle remains the same." (Dkt 11 at 14). Frias is wrong. As *Jeckle* explains "Judicial-action privilege" differs from witness immunity/litigation privilege, since the latter protects the testimony of witnesses, whereas the former protects the actions that a lawyer takes during litigation. *Id.*, 120 Wn. App. at 386. Patenaude's assertion of litigation privilege in prior cases where witness testimony was involved has no bearing on its current argument of judicial-action privilege here.

Frias argues that judicial-action privilege does not apply to statutory claims, but provides no legal authority that stands for this proposition. (Dkt 11 at 13-14). First, Frias does not address the fact that the Court of Appeals in *Jeckle* dismissed a CPA claim under Washington public policy, holding that adversaries of a lawyer's client generally cannot sue the opposing lawyer under a consumer protection theory. (Dkt 10 at 13-14) (citing *Jeckle*, 120 Wn. App. at 383-85, 85 P.3d 931). Frias presents no argument or authority as to why his claims should not similarly be dismissed as they were in *Jeckle*. In addition, Patenaude has presented authority in which a CPA claim was dismissed under the judicial-action privilege. *See Block v. Snohomish Cty.*, No. C18-1048-RAJ, 2019 WL 954809, at *5 (W.D. Wash. Feb. 27, 2019), *appeal dismissed*, No. 19-35329, 2019 WL 3297382 (9th Cir. July 9, 2019) (all claims, including a CPA claim, were dismissed both on judicial-action privilege, and on the merits). Likewise a Consumer Protection Act claim was alleged in *McClain v. 1st Sec. Bank of Washington*, No. C15-1945 JCC, 2016 WL 8504775, at *4 (W.D. Wash. Apr. 21, 2016). The

---

³ In the ongoing *Hoffman* case, the plaintiff alleged liability based on declaration testimony submitted by Patenaude in an underlying state case. Litigation privilege was used in that case because the claims in that case, unlike this case, related to testimony offered in litigation. The district court dismissed the CPA claim without prejudice and leave to amend, *Hoffman v. Transworld Sys. Inc*., No. C18-1132-JCC, 2018 WL 5734641, at *10 (W.D. Wash. Nov. 2, 2018), and the Ninth Circuit which affirmed in part and reversed in part, held that litigation privilege did not apply because this was not a defamation case. *Hoffman v. Transworld Sys., Inc*., 806 F. App'x 549, 551 (9th Cir. 2020). Likewise, in *Mitchell v. Patenaude & Felix APC*, No. C19-809 JLR-TLF, 2019 WL 4043974, at *8 (W.D. Wash. July 15, 2019), the magistrate judge followed *Hoffman* in finding certain claims were not barred by "litigation privilege." The fact scenarios and legal theories argued differ from what is at issue here.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 8
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

CPA claim was one of the causes of action dismissed by the district court. The district court held that "all McClain's state law claims against Huffington, McKay, and their firm are barred by the doctrine of 'judicial action privilege.'" *Id*. (citing *Jeckle*, 120 Wn. App. at 386). As a result, the argument that the litigation action privilege does not apply to statutory causes of action has been shown false by *Block* and *McClain*, if not *Jeckle* itself. As such, all state law claims, including statutory state law claims under the CAA and CPA, should be dismissed as a matter of law under the judicial-action privilege.

### G. Frias fails to meet the elements of the *Hangman Ridge* test.

The entire argument made by Frias for his CPA is contained in a mere two paragraphs. (Dkt 11 at 15). Frias argues that he alleged three claims under the CAA, RCW 19.16.250(12), (16), and (21), and that he was injured based on out of pocket expenses in ascertaining his legal rights and responsibilities. This is insufficient to state a plausible claim under the CPA.

#### 1. No per se claims where CAA claims fail as a matter of law.

- Sections II.C above, and III.C in Patenaude's initial motion, (Dkt 10 at 7-8), shows that the RCW 19.16.250(12) claim fails where RCW 6.27.130(1) provides an express exception to the general rule of not contacting a represented party.

- Sections II.D above, and III.D in Patenaude's initial motion, (Dkt 10 at 7-8), shows that the RCW 19.16.250(21) claim fails where Patenaude sought to collect from the judgment debtor with a different social security number, and Frias fails to otherwise support the elements of a CPA claim.

- Sections II.E above, and III.E in Patenaude's initial motion, (Dkt 10 at 10-11), shows that the RCW 19.16.250(16) claim fails where actually taking action is not a "threat to take action," as contemplated by RCW 19.16.250(16).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 9
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

There is no *per se* CPA claim, because each of these three grounds for the CAA claim fails. There is no other basis for claiming an unfair or deceptive act than these three provisions of the CAA, so the CPA claim fails in its entirety.

### 2. No trade or commerce.

The Washington Supreme Court has held that, as to an attorney, there is no "trade or commerce" for purposes of the CPA unless the attorney's alleged acts relate to the entrepreneurial aspects of the law firm. (Dkt 10 at 15) (citing *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 603, 200 P.3d 695, 699 (2009). *See also Linehan v. Allianceone Receivables Mgmt., Inc.*, No. C15-1012-JCC, 2016 WL 5944564, at *3 (W.D. Wash. Oct. 13, 2016)). Frias presents no response to this argument.

### 3. No injury or proximate cause.

Frias argues that he was injured based on out of pocket expenses in ascertaining his legal rights and responsibilities. (Dkt 11 at 15), citing (Dkt 1-1 at ¶ 23). However, having to pay an initial consultation fee related to obtaining an attorney's assistance in investigating claims is not injury if plaintiff was not injured prior to bringing suit. *Djigal v. Quality Loan Serv. Corp. of Washington, Inc.*, 196 Wn. App. 1038, at *9 (2016) (citing *Babrauskas v. Paramount Equity Mortg.*, 2013 WL 5743903, at *4 (W.D. Wash. Oct. 23, 2013). And having to pay attorney fees for work done defending against a collection action and prosecuting a CPA claim are insufficient to show injury. *Id.* at *10 (citing *Sign–O–Light, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564, 825 P.2d 714 (1992).

Furthermore, Patenaude indicated in its motion that, "[a] plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." (Dkt 10 at 16) (quoting *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83, 170 P.3d 10, 22 (2007)). Here, there is no unfair or deceptive act, so there is no proximate cause.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 10
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**H. Plaintiff has withdrawn his request for a statutory penalty under RCW 19.86.140.**

Plaintiff has withdrawn his request for a statutory penalty under RCW 19.86.140. (Dkt 11 at 17). Therefore this damage claim should be dismissed with prejudice.

**I. The request for an injunction is properly dismissed.**

Frias admits that "Defendant is correct that injunctive relief would be more properly pleaded as a remedy as opposed to a standalone cause of action." (Dkt 11 at 15). As such, Count 7 is properly dismissed as a cause of action. In addition, where the injunction is premised solely on the CPA, RCW 19.86.090, the injunction remedy fails where the CPA claim also fails. In addition, an injunction is also improperly advanced as a potential remedy here.

Setting aside the Article III standing argument, which is still valid, Patenaude presented a separate argument on the merits. (Dkt 10 at 20-21). Frias did not dispute that "[a]n injunction is an extraordinary equitable remedy designed to prevent serious harm. Its purpose is not to protect a plaintiff from mere inconveniences or speculative and insubstantial injury." (Dkt 10 at 20) (quoting *Bellevue Square*, 432 P.3d at 430 (citing *Tyler Pipe*, 96 Wn.2d at 796)). Frias did not show either extraordinary circumstances here or any immanent serious harm.

Frias argues that "[a]t the pleading stage, it is sufficient that Plaintiff has identified the conduct at issue and generally described his request for an injunction." (Dkt 11 at 17). That is not the law. Patenaude provided the three-factor test a party must meet to obtain an injunction. (Dkt 10 at 20-21) (citing *Tyler v. Van Aelst*, 9 Wn. App. 441, 443, 512 P.2d 760, 762 (1973)). One who seeks relief by permanent injunction must show: (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in, or will result in, actual and sustained injury to him. Frias has not analyzed the factors, and the allegations in Frias's complaint do not support the proposition that there is any well-grounded fear of immediate invasion of his rights that will cause serious damage.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 11
2:20-cv-00805-JCC
6700261.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

### J. Amendment is futile and should be denied.

No matter what Frias alleges, that fact is that Patenaude had a right to collect from the judgment debtor with a specific social security number. There was a case of mistaken identity where Frias had the same first and last name as the judgment debtor, but Frias was never in any danger of being garnished because he had a different social security number, and even the least sophisticated consumer would know that the collection was not intended for them. In addition, Patenaude is protected by the judicial-action privilege. The claims alleged by Frias all fail, and amendment is futile, therefore amendment is properly denied. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

### III. CONCLUSION

For the reasons set forth herein and in Patenaude's moving papers, this Court should dismiss with prejudice the claims alleged by Frias against Patenaude.

DATED this 30th day of July, 2020.

                                               LEE SMART, P.S., INC.

                                               By: /s Marc Rosenberg
                                                      Marc Rosenberg, WSBA No. 31034
                                                      Of Attorneys for Defendant
                                                      Patenaude & Felix, A.P.C.

                                                      1800 One Convention Place
                                                      701 Pike St.
                                                      Seattle, WA 98101-3929
                                                      (206) 624-7990
                                                      mr@leesmart.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 12
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Jason D. Anderson                Jason@alkc.net

Mr. T. Tyler Santiago                Tyler@alkc.net

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 30th day of July, 2020 at Seattle, Washington.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendant
Patenaude & Felix, A.P.C.

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) - 13
2:20-cv-00805-JCC
6700261.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944